IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUHAMED S., | § | |
|     PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-203-S-BK |
| | § | |
| TAE D. JOHNSON, ET AL., | § | |
|     RESPONDENTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Muhamed S.'s *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition when appropriate. Doc. 3. Upon review, the petition should be **DENIED**.

**I. BACKGROUND**

On January 23, 2024, Muhamed, an alien detainee in the custody of Immigration and Customs Enforcement ("ICE"), filed this petition for writ of habeas corpus challenging his detention pending removal. Doc. 3 at 1, 6; Doc. 4 at 4 (brief in support). He seeks release under supervision or an order directing ICE to hold a bond hearing. Doc. 3 at 7; Doc. 4 at 2-6. Respondents oppose the relief sought. Doc. 14; Doc. 15 (App.). Petitioner has filed a reply. Doc. 18.

Muhamed, a native of Senegal and a citizen of the Ivory Coast, entered the United States in May 2019 on an F-1 student visa. Doc. 15 at 4; Doc. 15 at 11. Because he failed to enroll in college, his F-1 student status was terminated on February 9, 2021. Doc. 15 at 17. His removal proceedings began in September 2022 after Muhamed was arrested in Oklahoma for domestic

assault and battery by strangulation and kidnapping. Doc. 15 at 4. He later pled guilty to those charges and was sentenced to seven years deferred adjudication probation. Doc. 15 at 11.

On July 31, 2023, an Immigration Judge (IJ) ordered Muhamed removed to the Ivory Coast or Senegal because he had violated the terms of his nonimmigrant status under 8 U.S.C. § 1227(a)(1)(C)(i). Doc. 15 at 33-35 (citing to INA § 237(a)(1)(C)(i)). The IJ also denied Muhamed's applications for asylum, withholding of removal, and protection under the Convention against Torture. *Id.* Muhamed appealed the latter decisions, and on November 29, 2023, the Board of Immigration Appeals (BIA) dismissed his appeal. Doc. 15 at 4; Doc. 15 at 8-9. ICE soon began the process of obtaining travel documents and tentatively scheduled Muhamed for removal on March 4, 2024. Doc. 15 at 4-5.

In his petition and briefs, Muhamed alleges that his detention violates his due process rights because it denies him of his liberty and adequate medical care for his chronic medical conditions. Doc. 3 at 6-7 (Pet.); Doc. 4 at 3-7 (Br.); Doc. 5 at 1-2 (Br.). His requests for temporary restraining orders on the same bases have already been denied. Doc. 17; Doc. 12.[1]

---

[1] Muhamed also recently filed petitions for review and emergency motions for stay of removal in the United States Courts of Appeals for the Fifth and Ninth Circuit Courts of Appeal. *Sylla v. Garland*, No. 24-60116 (5th Cir. filed Mar. 8, 2024); *Sylla v. Garland*, No. 24-1438 (9th Cir. filed Mar. 12, 2024). The Fifth Circuit denied Muhamed's motion for stay, but in the Ninth Circuit, Muhamed is deemed to have received a temporary "automatic stay" as the result of filing his motion there. The dockets are available on the PACER Case Locator at https://pcl.uscourts.gov/pcl/index.jsf (last accessed on Apr. 23, 2024). The Ninth Circuit's temporary "automatic stay" in *pro se* cases is explained at page 9 of the Pro-Se-Immigration-Case-Opening document available at https://www.ca9.uscourts.gov/guides/open-case-pro-se/ (last accessed on Apr. 23, 2024).

Upon review of the instant habeas petition, the Court finds that Muhamed has failed to meet his initial burden under *Zadvydas v. Davis*. Therefore, his habeas petition should be denied.

## II. ANALYSIS

### A. Relevant Legal Authority

The detention, release, and removal of aliens subject to a final order of removal is governed by 8 U.S.C. § 1231. That statute provides that the Attorney General shall remove the alien within 90 days, during the pendency of which the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). However, if the alien is not removed within the initial 90-day period, certain aliens—including those removable under 8 U.S.C. § 1227(a)(1)(C), like Muhamed—may be detained beyond that time. 8 U.S.C. § 1231(a)(6) ("An alien ordered removed who is . . . removable under section . . . 1227(a)(1)(C) . . . may be detained beyond the removal period[.]").

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court addressed detention of aliens beyond the initial 90-day period under 8 U.S.C. § 1231(a)(6). The Court held that § 1231(a)(6) detention may not continue indefinitely, and that six months, counted from the date the order of removal becomes final, is a presumptively reasonable period of detention to secure an alien's removal from the United States. *Zadvydas*, 533 U.S. at 700-701. After the expiration of six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. The Supreme Court emphasized that the "6-month presumption . . . does not mean that every alien not removed must be released after six

months." *Id.* "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

### B. Petitioner's Detention is Governed by 8 U.S.C. § 1231(a)(6)

Muhamed argues that (1) he is not subject to mandatory detention citing to 8 U.S.C. § 1226(c) (pre-final-removal-order detention) and (2) his continued detention without an individualized bond hearing violates his due process rights. Doc. 4 at 4-5; Doc. 18 at 1-2. He adds that he has been detained without a bond re-determination hearing since May 2023, when the IJ first denied his bond because he was a danger to the community. Doc. 4 at 3; Doc. 18 at 1-2. Muhamed's arguments lack foundation, however. His pleadings advance a litany of claims—largely conclusory—and cite to inapplicable statutory provisions and out-of-circuit district court cases that are neither binding nor persuasive.

Further, Muhamed's order of removal became administratively final at the latest on November 29, 2023, when the BIA dismissed his appeal. *See* 8 U.S.C. § 1101(a)(47)(B); 8 U.S.C. § 1231(a)(1)(B)(i). He is thus in post-removal-order detention under 8 U.S.C. § 1231(a), not pre-final-removal-order detention under 8 U.S.C. § 1226(c). *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). And as an alien who is removable under 8 U.S.C. § 1227(a)(1)(C), for violating his nonimmigrant status, Muhamed may be detained beyond the 90-day removal period under § 1231(a)(6).[2]

---

[2] Respondents mistakenly cite to 8 U.S.C. § 1227(a)(2)—removal based on a criminal offense. Doc. 14 at 3. As noted above, the IJ ordered Muhamed removed because of a violation of his nonimmigrant-status rather than a criminal offense. Doc. 15 at 33-35 (citing to INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)).

### C. Petitioner's Detention Claims Fail

Even liberally construing Muhamed's pleadings to challenge his detention under § 1231(a)(6), he fails to meet his initial burden under *Zadvydas*—that there is no likelihood of removal in the reasonably foreseeable future. *See Andrade*, 459 F.3d at 543-44 (discussing a petitioner's burden of proof under *Zadvydas*). Conspicuously absent from his pleadings is any assertion that his removal is not foreseeable. Muhamed focuses instead on the length of his detention and his underlying medical conditions to seek his immediate release or a bond hearing. Doc. 3 at 6-7; Doc. 4 at 2-6; Doc. 5 at 1-2. Even if he were to suggest that removal is unlikely, his conclusory statements do not suffice to meet his initial burden under *Zadvydas*. *See Andrade*, 459 F.3d at 543-44 (holding conclusory statements are insufficient to meet an alien's initial burden of proof under *Zadvydas* or to demonstrate a constitutional violation in connection with his continued detention).

In his reply, Muhamed mentions that the Ninth Circuit recently "issued a stay pending its review of Petitioner's removal order." Doc. 18 at 2. Based on this, he argues that "the removal period has not yet begun and INA § 236(a) still applies." *Id.* Muhamed's assertion is flawed as previously noted, as his order of removal is final.

There is also a clear indication that Muhamed's belated filings in the Court of Appeal for the Fifth and Ninth Circuits—especially his filings in the Ninth Circuit, where he had no jurisdictional ties and where stays of removal are automatically granted—have hampered the ability of ICE to effect his removal. *See Hook v. Lynch*, 639 F. App'x 229, 230 (5th Cir. 2016) (per curiam) (citing *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("[T]he detainee cannot

convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock.")).

In sum the Court finds no violation of Muhamed's constitutional rights with respect to his continued detention.[3]

### III. CONCLUSION

For all these reasons, Muhamed's petition for writ of habeas corpus should be **DENIED** and this case should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on May 23, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Because his detention claims fail and Muhamed has now been in post-removal-order detention for nearly five months, the Court need not decide whether his claims were premature when he first filed his habeas petition in January 2024. See *Agyei-Kodie v. Holder*, 418 F. App'x 317, 317-18 (5th Cir. 2011) (per curiam) (dismissing as premature post-removal-order-detention challenge; noting that six-month period following date on which removal order became final must have elapsed before filing of habeas petition challenging confinement under *Zadvydas*).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).